## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN BEDNAR            )  | CASE NO. 22-CV-00875 |
| *Plaintiff*,                      ) | |
|                                         ) | |
| v.                                    ) | |
|                                         ) | |
| DR. ABEL DONKA & STONERIDGE   ) | APRIL 12, 2023 |
| SENIOR CARE, LLC.        ) | |
| *Defendants*.                 ) | |

## **ORDER DISMISSING CASE WITHOUT PREJUDICE**

Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006). Under 28 U.S.C. Section 1367(c), district courts have discretion to deny to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In cases such as this one, where all claims over which the court has original jurisdiction have been resolved, there are several factors the court must consider in determining whether to exercise supplemental jurisdiction: judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In *Cohill*, the Supreme Court found that where all federal law claims are resolved before trial, the "balance of [the] facts…will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.*

Here, all claims against Westerly Hospital, which gave rise to federal question jurisdiction, have been settled. The remaining claims are essentially state law wrongful death and medical

1

malpractice claims—which raise no identifiable federal interest— against Defendant Dr. Donka and Defendant StoneRidge Senior Care, LLC. The case is still in its early stages, with discovery not having been completed, and the previously filed motions to dismiss rendered moot by the dismissal of the claims against Westerly Hospital. Additionally, no trial date has been set. Accordingly, there is no added convenience or lost judicial economy in this Court retaining jurisdiction of the remaining claims. *See Kolari*, 455 F.3d at 123 (finding that prior to the investment of significant judicial resources, there is no inconvenience or inequity to the parties in refiling claims in state court where federal law claims have been eliminated); *see also Chapman v. Crane Co.*, 694 F. App'x 825, 829 (2d Cir. 2017) (finding no abuse of discretion where a district court declined to exercise supplemental jurisdiction after original jurisdiction claims were abandoned where it was an early stage of the proceedings, discovery was not complete, no dispositive motions had been decided, and the case was predominately a matter of state law). Indeed, if these claims are brought anew in state court, whatever resources the parties have expended thus far will not have been for naught.

In further interest of comity and judicial economy, the Court will not make "needless decisions of state law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that federal courts should avoid state law decisions to promote comity and justice between the parties by procuring for them a "surer-footed" reading of applicable law); see *also Ross v. Woods*, 412 F. App'x 392, 393 (2d Cir. 2011) (summary order) (if a district court has dismissed all original jurisdiction claims, "dismissal of pendent state law claims…is generally appropriate"). The Court disagrees that the potential impact of Conn. Gen. Stat. Section 52-190(a) on Plaintiff's claims in state court is in itself reason to exercise supplemental jurisdiction over these remaining claims. Indeed, the Court observes that the rigors of Section 52-190(a) appear to be softening. *See*

*Carpenter v. Daar*, 246 Conn. 80 (2023). And with this changing landscape, Connecticut state courts should be the first to evaluate whether Plaintiff's medical malpractice claim is viable if, in fact, Defendants challenge Plaintiff's compliance with Section 52-190(a). *See Santos v. Eye Physicians & Surgeons, P.C.*, No. 3:18-CV-1515 (VAB), 2019 WL 3282950, at *11 (D. Conn. July 22, 2019) (finding that the principle of comity suggests that Connecticut state courts should have the opportunity to evaluate state law claims under state law pleading standards).

In consideration of all *Cohill* factors, the Court does not exercise its discretion to retain supplemental jurisdiction over the remaining state law claims against Defendants Donka and StoneRidge Senior Care. These claims are dismissed without prejudice. The Clerk of Court is directed to close this case.

*Kari A. Dooley*_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE